# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Joseph Walker, #162475, | Civil Action No. 9:08-2379-CMC-BM |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| Mr. Joseph Powell, | |
| Defendant. | |

This action has been filed by the Plaintiff, pro se, pursuant to 42 U.S.C. § 1983. Plaintiff, an inmate with the South Carolina Department of Corrections, alleges that the Defendant Joseph Powell has violated his constitutional rights.[1]

The Defendant filed a motion for summary judgment pursuant to Rule 56, Fed.R.Civ.P. on July 17, 2009. As the Plaintiff is proceeding pro se, a Roseboro order was entered by the Court on July 21, 2009, advising Plaintiff of the importance of a motion for summary judgment and of the need for him to file an adequate response. Plaintiff was specifically advised that if he failed to respond adequately, the Defendant's motion may be granted, thereby ending his case.

---

[1] Although Plaintiff's Complaint originally contained additional Defendants, those Defendants have been dismissed. See Order filed May 18, 2009.

1



After receiving an extension of time to respond, Plaintiff filed a response (in letter form) on September 16, 2009. Defendant's motion is now before the Court for disposition.[2]

**Background and Evidence**

Plaintiff alleges in his verified complaint[3] that he was instructed by a physician (a foot specialist) on June 17, 2008 to soak his feet in epsom salt once a day for one week, but that the Defendant Powell told the doctor not to soak his feet because a diabetic cannot get his feet wet. Plaintiff also alleges that he had to wait seven to eight months before he was finally allowed to be seen by a doctor about his feet, and that he is not receiving proper medical care. Finally, Plaintiff also complains that he is being charged for insulin, and that on at least one occasion he received the wrong medication, which he did not take. Plaintiff seeks an investigation of the Defendant, alleging that he is not properly performing his job. See generally, Verified Complaint.[4]

In an unverified document styled "Amended Complaint" (Court Document No. 5) Plaintiff further complains that the Defendant Powell refused to provide him with medical attention, complains about two other nurses who are not named as Defendants in this case, and seeks One Million Dollars in damages. Finally, in a response filed to a previous motion to dismiss (Court Docket No. 39), which indicates that the response has been sworn to before a notary, Plaintiff

---

[2]This case was automatically referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(d) and (e), D.S.C. The Defendant has filed a motion for summary judgment. As this is a dispositive motions, this Report and Recommendation is entered for review by the Court.

[3]In this Circuit, verified complaints by pro se prisoners are to be considered as affidavits and may, standing alone, defeat a motion for summary judgment when the allegations contained therein are based on personal knowledge. Williams v. Griffin, 952 F.2d 820, 823 (4th Cir. 1991). Plaintiff has filed a verified Complaint. Therefore, the undersigned has considered the factual allegations set forth in the verified Complaint in issuing a recommendation in this case.

[4]The remaining allegations in the complaint related to Defendants who are no longer parties in the case.

2



"attests" that he lost his right big toe, and claims that this was due to his being denied medical treatment that had been prescribed for him by a doctor. Plaintiff further states that a doctor ordered him to receive a certain treatment, but that the Defendant gave him a different treatment which caused him to lose his big toe. Plaintiff claims that the Defendant was fired for providing inmates with improper medication. See generally Plaintiff's Verified Response.

In support of summary judgment in the case, the Defendant has submitted two SCDC Health Services Medical Summaries which cover the time period alleged in the complaint. These medical summaries reflect that Plaintiff was seen in the medical department for treatment of his feet and toes on several occasions. See Defendant's Exhibits A and B. Defendant earlier also provided medical summaries as Exhibit A to Court Document No. 45. The Defendant Powell is not mentioned in any of these medical summaries as having been involved in Plaintiff's care.

**Discussion**

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Rule 56(c), Fed.R.Civ.P. The moving party has the burden of proving that judgment on the pleadings is appropriate. Once the moving party makes this showing, however, the opposing party must respond to the motion with "specific facts showing there is a genuine issue for trial." Rule 56(e), Fed.R.Civ.P. Further, while the Federal Court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case, see Cruz v. Beto, 405 U.S. 319 (1972); Haines v. Kerner, 404 U.S. 519 (1972), the requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a Federal claim, nor can the Court assume the existence of



a genuine issue of material fact where none exists. Weller v. Dep't of Social Services, 901 F.2d 387 (4th Cir. 1990).

As an employee of the South Carolina Department of Corrections during the relevant time period,[5] the Defendant Powell is subject to suit for damages in his individual capacity. Gomez v. Toledo, 446 U.S. 635, 640 (1990); Inmates v. Owens, 561 F.2d 560 (4th Cir. 1977). Defendant nevertheless asserts several arguments as to why he is entitled to summary judgment.[6] First, Defendant argues that he is entitled to summary judgment because Plaintiff has failed to show he suffered any physical injury as a result of the conditions alleged in his complaint. However, as was previously noted in a Report and Recommendation issued in this case on April 13, 2009, Plaintiff has alleged in his verified response (Court Docket No. 39) that the Defendant Powell disregarded instructions from a foot specialist concerning how to care for his feet, resulting in the loss of a big toe. Defendant's argument that this case should be dismissed because Plaintiff has "failed to point to any physical injury which he suffered as a result of the Defendant's actions or inactions" is therefore without merit.

However, Defendant also argues that the "matters asserted by the Plaintiff do not fall within the scope of 42 U.S.C. § 1983," because Plaintiff has failed to submit evidence to show that the Defendant was deliberately indifferent to his serious medical needs. *See* Estelle v. Gamble, 429 U.S. 97, 106 (1976)[Standard for proceeding with a § 1983 claim for denial of medical care is whether any named defendant was deliberately indifferent to the plaintiff's serious medical needs];

---

[5]The Defendant is no longer employed by the Department of Corrections as of September 26, 2008. See Thrailkill Affidavit (Court Docket No. 35-2).

[6]Among the defenses discussed by the Defendant in his brief are various defenses relating to state law causes of action under the South Carolina Tort Claims Act. However, Plaintiff's complaint has been interpreted as a complaint alleging violations of his constitutional rights under 42 U.S.C. § 1983.

4



Levy v. State of Ill. Dept. of Corrections, No. 96-4705, 1997 WL 112833 (N.D.Ill. March 11, 1997) [A defendant acts with deliberate indifference if he knows of and disregards an excessive risk to inmate health or safety.], citing Farmer v. Brennen, 511 U.S. 825, 837 (1994). The undersigned is constrained to agree. The medical records provided to the Court from the relevant time period show that Plaintiff's medical needs were appropriately and consistently addressed, and Plaintiff has failed to present any evidence to show that any deliberate indifference on the part of the Defendant resulted in injuries to the Plaintiff.

In support of summary judgment, the Defendant points to the medical records provided as exhibits,[7] which reflect that after being seen by a physician on June 17, 2008, Plaintiff was provided epson salt and was allowed to soak his feet (contrary to the allegations of the complaint). These records further reflect that Plaintiff was seen for treatment every day from June 18 through June 24, 2008, which included dressing changes, draining, cleansing and soaking his

---

[7] Defense counsel argues in their brief that Plaintiff's medical records "show that he has a long history of foot ailments, including having numerous toe amputations and callouses", and that "Plaintiff's approximately two hundred page medical summary received from SCDC is full of appointments and treatment with the infirmary concerning his feet." However, other than the medical summaries provided as exhibits to the motion for summary judgment, and the summaries attached as Exhibit A to Court Docket No. 45 (which are from 2004), none of the medical records referenced by the Defendant in his brief have been submitted to the Court as evidence, nor has any other evidence (such as affidavits from medical personnel or transcripts of deposition testimony) been submitted to reflect the extent of medical care provided to the Plaintiff. As defense counsel was previously advised in the Report and Recommendation of April 13, 2009, mere statements by counsel in a brief do not constitute evidence for purposes of consideration of a summary judgment motion. Gans v. Gray, 612 F.Supp. 608, 619 (E.D.Pa. 1985) [mere statements made in counsel's briefs or at oral argument are not evidence for the purpose of supporting or opposing a motion for summary judgment]; cf. Martin v. Cavalier Hotel Corp., 48 F.3d 1343, 1358 (4th Cir. 1995) [counsel's statements are not evidence]. Therefore, only the SCDC medical summaries submitted have been considered in the undersigned's determination of whether summary judgment is appropriate. Further, although the authenticity of these summaries has not been contested by the Plaintiff, Defense counsel is instructed to file an affidavit with the Court from an appropriate official attesting to the authenticity of these documents within ten (10) days of the date of this Report and Recommendation, so that it will be available for review by the District Judge in the event any objections are filed.

5



great toe, as well as treatment with antibiotic ointment.  <u>See</u> generally, Defendant's Exhibits A and B.  Defendant argues that nowhere in these medical summaries is any evidence to show that the Defendant interfered with or refused Plaintiff medical care or treatment.  Indeed, as previously noted, the Defendant is not even mentioned in these medical summaries as having been involved with Plaintiff's medical care.

In response to Defendant's evidence, Plaintiff has submitted no exhibits or evidence as attachments to his response to the Defendant's motion for summary judgment, nor has he otherwise presented any evidence from any qualified medical personnel concerning his condition and/or treatment.  Rather, the only evidence before the Court with respect to Plaintiff's claims are his own statements as set forth in his original verified complaint and his response to the Defendants' original motion to dismiss, in which he alleges in a general and conclusory fashion that the Defendant gave him "treatment that cause him to lose his big toe."  Although the Defendant has also failed to present any evidence from a qualified medical provider, Plaintiff has not disputed any of the entries reflecting the treatment he received as set forth in the Defendant's exhibits.

These medical summaries show that Plaintiff was seen and was treated daily for his medical complaints regarding his feet and toes during the time period set forth in the complaint.  None of the information contained in these medical summaries supports Plaintiff's claims of inadequate medical care.  Furthermore, to the extent Plaintiff is complaining about the amputation of his right big toe (which is unclear from the Complaint), the medical summaries show that Plaintiff's right big toe was amputated on July 23, 2004, well before the time period at issue in this lawsuit.  <u>See</u> Court Docket No. 45, Exhibit A.  Therefore, although there is a paucity of evidence in this file, the undersigned does not find that Plaintiff has met his burden of responding to the Defendant's evidence with "specific facts showing there is a genuine issue for trial".  Plaintiff's own



unsubstantiated and conclusory allegations that some unspecified improper conduct by the Defendant is what resulted in his having lost a big toe, standing alone, is not sufficient evidence to withstand the Defendant's motion for summary judgment. House v. New Castle County, 824 F.Supp. 477, 485 (D.Md. 1993) [Plaintiff's conclusory allegations insufficient to maintain claim]; Morgan v. Church's Fried Chicken, 829 F.2d 10, 12 (6th Cir. 1987) ["Even though pro se litigants are held to less stringent pleading standards than attorneys the court is not required to 'accept as true legal conclusions or unwarranted factual inferences.'"]; see Green v. Senkowski, 100 Fed.Appx. 45 (2d Cir. 2004) (unpublished opinion) [finding that plaintiff's self-diagnosis without any medical evidence, and contrary to the medical evidence on record, insufficient to defeat summary judgment on deliberate indifference claim]; Scheckells v. Goord, 423 F.Supp. 2d 342, 348 (S.D.N.Y. 2006) (citing O'Connor v. Pierson, 426 F.3d 187, 202 (2d Cir. 2005) ["Lay people are not qualified to determine...medical fitness, whether physical or mental; that is what independent medical experts are for."]; Papasan v. Allain, 478 U.S. 265, 286 (1986) [Courts need not assume the truth of legal conclusions couched as factual allegations].

While the Defendant should have perhaps submitted more detailed medical records and/or affidavits from medical personnel to show the extent of care Plaintiff received for his condition, the medical summaries which have been provided show that Plaintiff received regular care for his condition from medical professionals, and Plaintiff has simply provided no evidence to show that these medical professionals, and specifically the Defendant named in this case, were deliberately indifferent to his health and medical needs. Levy, No. 96-4705, 1997 WL 112833 ["A defendant acts with deliberate indifference only if he or she 'knows of and disregards' an excessive risk to inmate health or safety.'"]; Miltier v. Beorn, 896 F.2d 848, 851 (4th Cir. 1990)[In order to show deliberate indifference, Plaintiff must present evidence to show that his treatment was so "grossly

7



incompetent, inadequate or excessive as to shock the conscience or to be intolerable to fundamental fairness"]; Jackson v. Fair, 846 F.2d 811, 817 (1st Cir. 1988)[Constitution does not guarantee a prisoner the treatment of his choice]; Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985)[Disagreements between an inmate and a physician over the inmate's proper medical care do not state a § 1983 claim absent exceptional circumstances]. This case should therefore be dismissed.

## **Conclusion**

Based on the foregoing, it is recommended that the Defendant's motion for summary judgment be **granted**, and that this case be dismissed.

The parties are referred to the Notice Page attached hereto.

_____
Bristow Marchant
United States Magistrate Judge

September 30, 2009

Charleston, South Carolina

8



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).

